UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Key West Division
Case Number:09-10045-CIV-MARTINEZ-WHITE

KEVIN ROBERT SHIRLEY,
    Plaintiff,

vs.

SANDRA STERNAL, et al.,
    Defendants.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE WHITE'S REPORT

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for a Report on Defendants' Motion to Dismiss or in the Alternative for Summary Judgment **(D.E. No. 39).** Plaintiff Kevin Robert Shirley ("Plaintiff" or "Shirley") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against three employees of Trinity Food Service ("Trinity"), which is a contractor that provides meals at the Monroe County Detention Center ("MCDC"). Specifically, Plaintiff has filed suit against Defendant Sandra Sternal ("Sternal"), Trinity's regional dietician, Defendant Michelle Park ("Park"), Trinity's Food Services Manager and former Assistant Food Services Manager, and Defendant Misol Alfonso ("Alfonso"), Trinity's Food Services Production Supervisor and former Food Services Lead Production Supervisior (collectively "Defendants"). Plaintiff alleges that while he was incarcerated at MCDC awaiting trial that Defendants failed to properly address his poultry allergy. *See* (D.E. No. 20). As Magistrate Judge White states, Plaintiff alleges that Defendants

      (A) unjustifiably placed him on a restrictive vegan diet despite no religious or medical reason to do so; (B) served poor quality food, engaged in poor sanitation practices, failed to provide salt, pepper or other condiments or serve coffee, milk, meat, juice or fresh

> produce, and served food at inappropriate temperatures; and (C) provided him a diet that was nutritionally inadequate and failed to comply with medical directives regarding his food allergy.

(D.E. No. 50 at 2).

Magistrate Judge White filed a Report **(D.E. No. 50)**, recommending that Defendants' motion to dismiss or in the alternative motion for summary judgment be granted in part and denied in part. Specifically, Magistrate Judge White recommends that the motion be granted insofar as the Plaintiff alleges he was improperly placed on a vegan diet, granted insofar as Plaintiff alleges that the food he was served was of generally poor quality, and granted as to Sternal but denied as to Park and Alfonso insofar as Plaintiff seeks damages due to inadequate nutrition and failure to honor medical directives relating to Plaintiff's diet. Magistrate Judge White also recommends that Plaintiff's claims for declaratory judgment and injunctive relief should be dismissed as moot. Plaintiff and Defendants Park and Alfonso have filed objections. The Court has reviewed the entire file and record and has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report present. After careful consideration and for the reasons set forth below, the Court adopts Magistrate Judge White's Report.

### I.     Plaintiff's Objections

First, Plaintiff objects to Magistrate Judge White's recommendation that the motion for summary judgment be granted insofar as he alleged that he was improperly placed on a vegan diet and to Judge White's recommendation that the motion for summary judgment be granted as to his claims against Defendant Sandra Sternal ("Sternal"). The Court finds these objections are without merit.

Magistrate Judge White found that summary judgment was appropriate as to Plaintiff's

claim that he was improperly placed on a vegan diet because "[a]lthough clearly not to Shirley's liking, serving him a vegan diet to address his purported allergy is not so extreme to rise to a constitutional violation." (D.E. No. 50 at 12). Plaintiff has not stated exactly why he is objecting to Magistrate Judge White's finding that summary judgment was not appropriate on this claim other than to conclusively state that the vegan or "modified vegan diet" he was placed on "were wholly inadequate to meet Plaintiff's nutritional needs." (D.E. No. 53 at 5). The Court, however, agrees with Magistrate Judge White's finding that "Shirley has failed to demonstrate a constitutional violation occurred" as to the claim at issue. *Id*. at 12. *See Fudge v. May*, 84 Fed. Appx. 702, 703 (8th Cir. 2003) (granting summary judgment on a plaintiff's claim that a correctional services nurse was deliberately indifferent to his health and safety when he was placed on an alternative diet where the plaintiff did not dispute the nurse's evidence that there was no medical reason he could not be placed on the alternative diet and there was no evidence that being placed on this diet injured him in any way).

Magistrate Judge White also found that summary judgment was appropriate as to all claims asserted against Sternal. Specifically, Magistrate Judge White found that summary judgment was appropriate as to all Defendants on the vegan diet claim discussed above. Magistrate Judge White also found that summary judgment was appropriate as to all Defendants on Plaintiff's claim relating to poor food quality. Magistrate Judge White found that Plaintiff's allegations relating to food quality were not sufficient to amount to a constitutional deprivation. Magistrate Judge White also found that with regard to Sternal her undisputed affidavit stated that she had no involvement in preparing inmate meals, serving inmate meals, or establishing MCDC food service policy. Thus, Magistrate Judge White found that Plaintiff's claims relating to food

service were without merit because he failed to show that any of Sternal's actions were the cause of his issues.  Finally, Magistrate Judge White also found that summary judgment was appropriate as to Sternal on Plaintiff's claim that she provided inadequate nutrition because there was insufficient evidence to show that Sternal was deliberately indifferent.  Specifically, Magistrate Judge White found that there was no evidence that Sternal "was personally aware of and acted with callous disregard of his allergy, or was aware . . . [Plaintiff] was receiving inadequate nutrition."  (D.E. No. 50 at 7).  At the most, Magistrate Judge White found that Sternal was negligent in that the vegan diet she designed contained errors.  Magistrate Judge White also found that Plaintiff "[f]ailed to show a causal connection between Sternal and the alleged deprivations to the extent Shirley complains that the designed menu was not followed and that he did not receive the intended calorie per day." *Id*. at 18-19.

Plaintiff objects, stating in a conclusory manner that "[b]y providing Plaintiff a vegan or modified vegan meal, rather than designing a menu that outlined nutritionally adequate meals for Plaintiff pursuant to the medical directives, defendant Sternal acted with deliberate indifference . . . ."  (D.E. No. 53 at 4).  Plaintiff, however, has failed to demonstrate that Sternal was deliberately indifferent.  At the most, Sternal was negligent.  This, however, is not sufficient.  Thus, the Court affirms Magistrate Judge White's Report on these issues.

## II.     Defendants' Objections

Defendants Park and Alfonso object to Magistrate Judge White's recommendation that the claims against them should survive.  Specifically, Defendants argue that Magistrate Judge White erred in concluding that Plaintiff's allegations with regard to the claims asserted against them are sufficient to withstand a motion to dismiss.  Defendants also argue that Magistrate

Judge White erred in concluding that material issues of fact exist as to whether Plaintiff experienced a constitutional deprivation caused by Defendants' deliberate indifference.  Finally, Defendants argue that Magistrate Judge White erred in finding that they are not entitled to qualified immunity.

Specifically, Magistrate Judge White found that Plaintiff's claims against Park and Alfonso for inadequate nutrition should survive.  Magistrate Judge White found that "[g]iven Park and Alfonso's admitted supervisory roles over food preparation, Shirley has sufficiently alleged the repeated departure from his medically prescribed diet constituted deliberate indifference."  (D.E. No. 50 at 18).  For the same reasons, Magistrate Judge White also found that Plaintiff sufficiently alleged causation.  Magistrate Judge White also found with regard to qualified immunity that  "[i]n the light most favorable to Shirley, the defendants deprived him of the clearly established constitutional right to an adequate diet." *Id*. at 22.  Magistrate Judge White stated that "defendants have failed to allege their actions were reasonably related to a penological objective . . . [and thus,] the application of qualified immunity is inappropriate at this juncture." *Id*.

First, Defendants Park and Alfonso object, arguing that the third amended complaint does not state a claim against them because it fails to allege any facts linking them to Plaintiff's claim that he received a nutritionally inadequate diet.  This Court disagrees and finds that Plaintiff's amended complaint (D.E. No. 20) more than adequately states a claim against Defendants Park and Alfonso.  *See* (D.E. No. 20 at 3-9).

Next, Defendants Park and Alfonso object, arguing that Magistrate Judge White erred in finding that a material issue of fact remains as to whether Plaintiff received a nutritionally

adequate diet.  Defendants argue that "even drawing all reasonable inferences in favor of the prisoner plaintiff, there is no evidence before the Court establishing that the meals that the . . . plaintiff received were medically improper or nutritionally inadequate."  (D.E. No. 54 at 7).  This Court disagrees.  Defendants have not disputed that Plaintiff suffers from a poultry allergy, that Plaintiff reported said allergy to MCDC, and that MCDC medical personnel prescribed a diet free of poultry and eggs and also ordered that Plaintiff receive additional food.  There remains a genuine issue of material fact as to whether Plaintiff actually received the food he was supposed to.  First, there is evidence in the record that indicates Plaintiff received food to which he is allergic.  *See* (D.E. No. 43 at 56, 60); (D.E. No. 46 at 31, 41, 43); (D.E. No. 20-3 at 8-9, 11).  There is also a genuine issue of material fact as to whether Plaintiff received the additional food.  *See* (D.E. No. 46 at 14, 36-40).  Defendants' objections appear to disregard the well-established standard that on summary judgment that all inferences are drawn in Plaintiff's favor.  Thus, the Court finds Defendants' objections on this issue are without merit.

  Defendants Park and Alfonso also object, arguing that there is no evidence that they "repeatedly departed from the . . . plaintiff's Vegan Diet or were deliberately indifferent to a serious risk of harm to the . . . plaintiff."  (D.E. No. 54 at 14).  Defendants argue that they did not ignore Plaintiff's complaints regarding his food but to the contrary constantly "revised their procedures to further ensure" Plaintiff's meals were appropriate.  *Id*. at 16.  Defendants argue that at most Plaintiff has shown mere negligence, which is not sufficient.  Plaintiff has presented evidence that he routinely complained that he was not receiving enough food, that he was not receiving food with enough calories, or that the diet he was receiving was causing him to lose large amounts of weight.  *See* (D.E. No. 46 at 11, 16-19, 23-29, 31, 36-40). (D.E. No. 20-2 at 32).

Defendants do not dispute that they had supervisory capabilities over the amount of food and the food that was sent to Defendants.  Although there is certainly some evidence that at times Defendants attempted to adjust the amount of food Plaintiff was receiving, there is a least a genuine issue of material fact as to whether Defendants were deliberately indifferent to Plaintiff's nutritional needs.  This is particularly true as Plaintiff has offered evidence that he lost a significant amount of weight over a short period of time.  *See* (D.E. No. 20-2 at 27, 34).  Thus, the Court also finds that this objection is without merit.

In addition, Defendants Park and Alfonso object arguing that no material issues of fact exist regarding whether Park and Alfonso caused the harm alleged.  Defendants argue that there is no evidence that Plaintiff received a medically improper, nutritionally inadequate diet and that it is "pure speculation to infer that the . . . plaintiff's alleged weight loss and other ailments [which] occurred were deleterious and attributable to an allegedly nutritionally inadequate diet that resulted from the service of allegedly deficient meals." (D.E. No. 54 at 18).  The Court, however, agrees with Magistrate Judge White that genuine issues of material fact remain as to this issue.  As discussed above the Court has already found that genuine issues of material fact remain as to whether Plaintiff received an adequate diet.  The Court also believes that Plaintiff's weight loss, which he states and another inmate states is attributable to his diet also create a genuine issue of material fact that Plaintiff suffered harm.  *See* (D.E. No. 20-2 at 27, 34).  Plaintiff also complains of other ailments from this diet such as dizziness, feeling light-headed, headaches, and swelling of his legs.  *See* (D.E. No. 20-2 at 27, 32).  Thus, the Court also finds this objection is without merit

Finally, Defendants Park and Alfonso object, arguing that Magistrate Judge White erred

in finding that they are not entitled to summary judgment on qualified immunity grounds. Defendants base this argument again on their contention that there is no evidence that plaintiff received a nutritionally inadequate or medically improper diet, that there is no evidence that Park and Alfonso acted improperly in serving Plaintiff his meals, or that Park and Alfonso's actions caused Plaintiff's alleged injuries. For all the reasons discussed above, this Court finds these arguments are without merit. Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge White's Report and Recommendation **(D.E. No. 50)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

1. Defendants' Motion to Dismiss or in the Alternative for Summary Judgment **(D.E. No. 39)** is **GRANTED in part** and **DENIED in part**. Summary judgment is granted in favor of Defendants with regard to Plaintiff's claims that he was improperly placed on a vegan diet, with regard to Plaintiff's claims that the food he was served was of generally poor quality and with regard to Defendant Sternal on Plaintiff's request for damages due to inadequate nutrition and failure to honor medical directives relating to his diet. Summary judgment is denied as to Plaintiff's request for damages with regard to Defendants Park and Alfonso due to inadequate nutrition and failure to honor medical directives relating to his diet. Plaintiff's claims for declaratory judgment and injunctive relief are dismissed as moot.

2. The Court shall enter a separate scheduling order setting this case for trial.

DONE AND ORDERED in Chambers at Miami, Florida, this 8 day of March, 2011.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge White
All Counsel of Record
Kevin Robert Shirley